UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL ELECTRICAL
ANNUITY PLAN,

      Plaintiff,               Case No. 18-13701

v.

                            HON. ROBERT H. CLELAND

HENKELS AND MCCOY, INC.,

      Defendant.
_____

### AMENDED COMPLAINT

The above-named plaintiffs, by and through their attorneys, SACHS WALDMAN, complaining against the above-named defendant, respectfully show unto this Court as follows:

1.    Plaintiffs are the Trustees for the National Electrical Annuity Plan, which is a trust fund established under, and administered pursuant to, Section 302 of the Labor-Management Relations Act, of 1947, as amended ("LMRA"), 29 U.S.C. §186, and the Employee Retirement Income Security Act of 1974, as amended, hereinafter "ERISA", 29 USC §1001, et seq., with principal offices located in Rockville, Maryland.

1

2. Defendant, Henkels & McCoy, Inc., is a Pennsylvania corporation, certified to do business in the State of Michigan, engaged in the building and construction industry, an industry affecting commerce within the meaning of the LMRA and 29 USC §1002(5) and (12), and its principal place of business is located in Blue Bell, Pennsylvania.

3. Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 USC §185, and Sections 502(a)(2) and 515 of ERISA, 29 USC §1132(a)(2) and §1145, this being a suit for breach of the fringe benefit provisions of collective bargaining agreements entered into between the defendant, as Employer, the International Brotherhood of Electrical Workers ("IBEW") and Local Unions #17 and #876 of the International Brotherhood of Electrical Workers ("Local Unions"), labor organizations representing employees in an industry affecting commerce.

4. Pursuant to 29 USC §1132(e)(2), this action is appropriately brought in this district, since it is where the breach took place and where the defendant currently may be found performing work.

5. On March 1, 1995, the IBEW and defendant signed the Teledata Agreement (Exhibit A) which applies to "low voltage construction, installation, maintenance, and removal of teledata facilities (voice, data, and video)…" throughout the United States. This agreement, which remains in effect, has been supplemented

in the State of Michigan over the years through agreement between defendant and the Local Unions.

6. In early 2011, the Local Unions and defendant signed an Appendix to the National Agreement to be effective from November 29, 2010 through November 27, 2011 (Exhibit B). Section 5.07 of that Appendix provided that defendant would contribute to the NEAP at the rate of 16.5 percent of its gross monthly labor payroll.

7. In December, 2011, through a Memorandum of Understanding ("2011 MOU I") (Exhibit C) the Local Unions and defendant agreed to extend the 2010-2011 Appendix for three years to November 23, 2014. 2011 MOU I was signed by Henkels & McCoy on December 9, 2011; by Local 876 on December 12, 2011; and by Local 17 on December 15, 2011.

8. Through this extension of the 2010 - 2011 Appendix, the parties agreed that defendant would continue to be obligated to contribute to NEAP at a rate of 16.5% of its gross monthly labor payroll, with one exception. On the same dates on which the parties signed 2011 MOU I, the parties entered into a separate Memorandum of Understanding ("2011 MOU II") (Exhibit D) which provided that defendant would not have to contribute to the NEAP on "all outside telephone work" performed by the Employer.

9. In late 2014 and early 2015 through a Memorandum of Understanding ("2014 - 2015 MOU") (Exhibit E) the Local Unions and defendant agreed to extend the 2011-2014 Appendix for two years to November 20, 2016. 2014-2015 MOU was signed by Henkels & McCoy on January 9, 2015, by Local 876 on December 16, 2014; and by Local 17 on December 22, 2014.

10. Most recently, in 2017, the Local Unions and defendant signed an Appendix to the Teledata Agreement, which is effective November 21, 2016 through November 25, 2018 (Exhibit F). In Section 5.07 of this Appendix, the parties agreed to contribute to NEAP an amount equal to 17% of payroll the first year of the agreement and to 18% effective November 24, 2017.

11. Beginning in June, 2012, defendant performed work under the Teledata Agreement (Exhibit A) within the geographic jurisdiction of Local 17. Local 17 referred the following individuals to work for defendant: Ronald Bates, Bryan Frye, Lawrence Stephens Jr., Dwaine Craig, Joseph Schindler, William Banks, William Coffman, Cory Bates, Kevin Smith, Larry Sloniker. Defendant contributed to plaintiff NEAP based upon the work performed by these individuals.

12. To plaintiff's knowledge, defendant did not again work within the State of Michigan under the Teledata Agreement (Exhibit A) until 2018, when beginning in June, 2018, and continuing through the present, it began the installation of a 5G

network for Verizon in various locations within the geographic jurisdiction of Local 17, which includes the installation of MCI small cell equipment and overhead and underground fiber.

13. Local 17 has referred individuals from its hall to work for defendant on the project described in Paragraph 12, specifically, Larry Hall, Clifford Benton, Jason Geiger, Rudi Dawidowicz, Travis Kern, Andrew Merrick, Logan Rothley, Joshua Brown, Lavonne Wilson, Thomas J. Cagle, Aaron B. Smith, Owen J. Peer, Daniel E. Shuler, Joseph D. Roland, Dakota J. Kaufman, Gary R. Hunter, Timothy T. Sosebee, Vincent B. Hunter, Kaleb C. Tabor, and Darrell J. Garrett.

14. Despite demand, defendant has refused to contribute to NEAP on behalf of its employees performing the work for Verizon described in Paragraph 12, above, contending that it is not required to do so based upon 2011 MOU II, which it argues is still in effect.

15. Defendant's position is incorrect. First, 2011 MOU II only applied to "outside telephone work" and the work Henkels & McCoy currently is performing for Verizon is not "outside telephone work", as that term would have been used by the parties in 2011. Instead, it involves the installation of advanced technology not being used in this area in 2011 for the providing of internet, telephone, television, and other services.

5

16.     Second, 2011 MOU II has not been in effect since, at the latest, November 21, 2016 when the parties signed the current Appendix which increased the NEAP contribution to 17% and ultimately to 18%, while making no exception for "outside telephone work" or any other type of work.

17.     The total amount of defendant's indebtedness for delinquent contributions to NEAP, accrued liquidated damages, and interest to date cannot be determined until defendant submits its complete books and records for inspection and audit.

WHEREFORE, plaintiffs pray that judgment be entered in their favor containing the following provisions:

A.     Adjudicating that the defendant entered into (or adopted) collective bargaining agreements with the Local Unions and that, pursuant to such agreements and applicable law, the defendant was obligated to make fringe benefit contributions to NEAP for, or with respect to work performed by, those of its employees who were represented by the Union;

B.     Ordering defendant to submit to the plaintiffs any and all books and records needed by them to determine the amount of its indebtedness through present, and;

C.     Upon submission of a motion to amend, awarding the plaintiffs the amount of defendant's indebtedness, as ascertained by the above audit, plus interest,

costs, attorneys fees and other amounts to which plaintiffs are entitled pursuant to 29 USC §1132(g)(2).

      D.     Awarding plaintiffs any and all other equitable and injunctive relief to which they may be entitled.

                             Respectfully submitted,

                             SACHS WALDMAN

                         By:    s/George H. Kruszewski
                                 GEORGE H. KRUSZEWSKI
                                 Attorneys for Plaintiffs
                                 1423 East Twelve Mile Road
                                 Madison Heights, Michigan 48071
                                 Telephone (248) 658-0800
                                 Email: Gkruszewski@sachswaldman.com
January 31, 2019                 (P-25857)