UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

NATIONAL ELECTRICAL ANNUITY PLAN,

    Plaintiff,

v.                                          Case No. 18-13701

HENKELS AND MCCOY, Inc.,

    Defendant.

_____/

**ORDER AND OPINION DENYING DEFENDANT'S MOTION TO DISMISS**

Plaintiff National Electrical Annuity Plan ("the Plan") filed an amended complaint in which it alleges that Defendant Henkels and McCoy, Inc. failed to make required Employee Retirement Income Security Act ("ERISA") contributions to it pursuant to a collective bargaining agreement. Pending before the court is Defendant's motion to dismiss (ECF No. 12.) Defendant asserts that the terms of the parties' governing agreement did not obligate it to make the contributions Plaintiff seeks. This motion has been fully briefed, and the court concludes that a hearing is not necessary. *See* E.D. Mich. 7.1(f)(2). For the reasons stated below, the court will deny Defendant's motion to dismiss.

**I. BACKGROUND**

The court draws the following factual allegations from the amended complaint. (ECF No. 10.) The International Brotherhood of Electrical Worker entered into an agreement ("the Agreement") in 1995 to perform "teledata" work across the United States with Defendant. This agreement remains in effect today and has been altered over the years by Michigan Local Unions #17 and #876 ("Unions"). Relevant here, the

Agreement was modified by an Appendix which required Defendant to contribute a fixed amount of its gross monthly labor payroll to the Plan. The parties have extended this Appendix multiple times. They first extended the Appendix in 2011 through a memorandum of understanding ("2011 MOU I") and simultaneously signed a separate memorandum of understanding ("2011 MOU II") which limited the scope of Defendant's required contributions to the Plan. Pursuant to the 2011 MOU II, Defendant need not contribute to the Plan for "all outside telephone work" performed under the Agreement. The 2011 MOU II does not define the term "outside telephone work." The parties again extended the Appendix in 2014 and 2016. For the 2016 extension, the parties signed new Appendix (Appendix II), effective from November 21, 2016, to November 25, 2018.

This action involves work performed by the Unions beginning in June 2018 related to the installation "of a 5G network for Verizon." (ECF No. 10, PageID 119–20.) Plaintiff asserts that this work was not "outside telephone work" because it involved "the installation of advanced technology not being used in this area in 2011 for the providing of internet, telephone, television, and other services." (*Id.* at PageID 120.) Defendant, in its motion to dismiss, argues that this work was outside telephone work and, therefore, did not obligate Defendant to make contributions to the Plan pursuant to the 2011 MOU II.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. Under the Rule, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. *Barber v. Miller*, 809 F.3d 840, 843 (6th Cir. 2015).

Federal Rule of Civil Procedure 8 requires a plaintiff to present in her complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Boland v. Holder*, 682 F.3d 531, 534 (6th Cir. 2012) (emphasis removed) (citing *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### III.  ANALYSIS

"Under ERISA § 515, employers . . . who are 'obligated to make contributions to a multiemployer plan' . . . must as a matter of federal law 'make such contributions.'" *Plumbers & Pipefitters Local Union No. 572 Health & Welfare Fund v. A & H Mech.*

*Contrs.*, 100 Fed. App'x. 396, 400 (6th Cir. 2004) (citing 29 U.S.C. § 1145). "An employer's contractual obligation to make these contributions may arise from a collective bargaining agreement, including one involving several employers." *Id.* The literal terms of the collective bargaining agreement, and any subsequent binding alterations to that agreement, control the required plan contributions. *See Bakery & Confectionery Union & Indus. Int'l Health Benefits & Pension Funds v. New Bakery Co.,* 133 F.3d 955, 959 (6th Cir. 1998).

Defendant argues that it need not make contributions to the Plan for work performed beginning in June 2018 because this work was outside telephone work for which Defendant was not required to contribute to the Plan. Plaintiff raises two arguments in response. First, Plaintiff argues that that subsequent amendments to the Appendix voided the 2011 MOU II and its accompanying limitation of contributions for outside telephone work. Second, Plaintiff argues that even if the 2011 MOU II was still in effect, the work performed was not outside telephone work. Perplexingly, neither party defines the term "outside telephone work."

The court need not resolve whether the 2011 MOU II was still in effect during June 2018 to rule on the motion because Plaintiff has sufficiently alleged that the work performed was not governed by the 2011 MOU II. In its amended complaint, Plaintiff asserts that it performed installation work for "internet, telephone, television, and other services." (ECF No. PageID 120.) The 2011 MOU II applies only to outside *telephone* work. Taking Plaintiff's factual allegations as true, Plaintiff states that it performed non-telephone work for which Defendant must contribute to the Plan. Whether the work

4

alleged was exclusively "outside telephone work" is a factual dispute that need not be resolved at this stage in the proceedings.

Defendant also argues that the amended complaint fails to satisfy pleading standards because it does not "describe specific jobs, type of work, locations, and dates for work which Plaintiff believes [Defendant] failed to contribute." (ECF No. 12, PageID 223.) The court disagrees. Such level of factual detail is not required to survive a 12(b)(6) motion. *See Bell Atl. Corp.*, 550 U.S. at 548. The factual allegations in the amended complaint are not voluminous, but Plaintiff sufficiently alleges the approximate time, geographic location, and scope of services for which Plaintiff seeks contribution. Plaintiff even alleges the individual workers referred for the work. (ECF No. 10, PageID 120.) These allegations are sufficient to raise Plaintiff's claim for relief above the speculative level and sufficient to survive Defendant's motion to dismiss.

## VI. CONCLUSION

The factual allegations in Plaintiff's amended complaint sufficiently state a claim for delinquent contribution. Accordingly,

IT IS ORDERED that Defendant's motion to dismiss (ECF No. 12) is DENIED.

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated:  April 4, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 4, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\HEK\Civil\18-13701.NATIONALELECTRICAL.mtd.erisa.HEK.docx