UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

National Electronical Annuity Plan,

        Plaintiff,

v.

Henkels & McCoy, Inc.,

        Defendant.

Case No. 18-cv-13701

Hon. Robert H. Cleland
Mag. Stephanie Dawkins Davis

_____

| | |
|---|---|
| George H. Kruszewski (P25857)<br>Sachs Waldman<br>*Attorneys for Plaintiff*<br>1423 Easts Twelve Mile Road<br>Madison Heights, MI 48071<br>(248) 658-0800<br>gkruszewski@sachswaldman.com | Brian M. Schwartz (P69018)<br>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br>*Attorneys for the Defendant*<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan  48226<br>(313) 963-6420<br>schwartzb@millercanfield.com |

_____

## ANSWER TO COMPLAINT AND <u>AFFIRMATIVE, SPECIAL AND OTHER DEFENSES</u>

Defendant, Henkels & McCoy, Inc., through its attorneys, MILLER, CANFIELD, PADDOCK AND STONE PLC, answers Plaintiff's Amended Complaint as follows:

    1. *Plaintiffs are the Trustees for the National Electrical Annuity Plan, which is a trust fund established under, and administered pursuant to, Section 302 of the Labor-Management Relations Act, of 1947, as amended ("LMRA"), 29 U.S.C. §186, and the Employee Retirement Income Security Act of 1974, as*

*amended, hereinafter "ERISA", 29 USC §1001, et seq., with principal offices located in Rockville, Maryland.*

**Answer:** Defendant neither admits nor denies the allegation in paragraph 1 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leave Plaintiff to its proofs. Additionally, Defendant neither admits nor denies the allegations in paragraph 1 because the allegations state legal conclusions to which no response is required.

    2. *Defendant, Henkels & McCoy, Inc., is a Pennsylvania corporation, certified to do business in the State of Michigan, engaged in the building and construction industry, an industry affecting commerce within the meaning of the LMRA and 29 USC §1002(5) and (12), and its principal place of business is located in Blue Bell, Pennsylvania.*

**Answer:** Defendant admits only that it is a Pennsylvania corporation registered to do business in the State of Michigan and that its principal place of business is located in Blue Bell, Pennsylvania. Defendant neither admits nor denies the remaining allegations in paragraph 2 because the allegations state legal conclusions to which no response is required.

    3. *Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 USC §185, and Sections 502(a)(2) and 515 of ERISA, 29 USC §1132(a)(2) and §1145, this being a suit for breach of the fringe benefit provisions of collective bargaining agreements entered into between the defendant, as Employer, the International Brotherhood of Electrical Workers ("IBEW") and Local Unions #17 and #876 of the International Brotherhood of Electrical Workers ("Local Unions"), labor organizations representing employees in an industry affecting commerce.*

**Answer:** Defendant neither admits nor denies the allegation in paragraph 3 because the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendant denies that there has been a breach of the fringe benefit provisions of the applicable collective bargaining agreements.

   4.   *Pursuant to 29 USC §1132(e)(2), this action is appropriately brought in this district, since it is where the breach took place and where the defendant currently may be found performing work.*

**Answer:** Defendant neither admits nor denies the allegation in paragraph 4 because the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendant denies that there has been a breach of the fringe benefit provisions of the applicable collective bargaining agreements.

   5.   *On March 1, 1995, the IBEW and defendant signed the Teledata Agreement (Exhibit A) which applies to "low voltage construction, installation, maintenance, and removal of teledata facilities (voice, data, and video). . ." throughout the United States. This agreement, which remains in effect, has been supplemented in the State of Michigan over the years through agreement between defendant and the Local Unions.*

**Answer:** Defendant admits only that Defendant and the IBEW signed a document entitled the "Teledata Agreement" that remains in effect but deny that it was signed on March 1, 1995. Defendant denies that Plaintiff has fully and accurately quoted or characterized the terms of the Teledata Agreement, which speaks for itself. Defendant denies any remaining allegations in this paragraph.

*6.    In early 2011, the Local Unions and defendant signed an Appendix to the National Agreement to be effective from November 29, 2010 through November 27, 2011 (Exhibit B). Section 5.07 of that Appendix provided that defendant would contribute to the NEAP at the rate of 16.5 percent of its gross monthly labor payroll.*

**Answer:**   Defendant admits only that in 2011, Defendant, IBEW Local Union No. 876, and IBEW Local Union No. 17 signed an Appendix which is attached to the Amended Complaint as Exhibit B.  Defendant denies that Plaintiff has fully and accurately characterized the terms of the Appendix, which speaks for itself.  Defendant denies any remaining allegations in this paragraph.

*7.    In December, 2011, through a Memorandum of Understanding ("2011 MOU I") (Exhibit C) the Local Unions and defendant agreed to extend the 2010-2011 Appendix for three years to November 23, 2014. 2011 MOU I was signed by Henkels & McCoy on December 9, 2011; by Local 876 on December 12, 2011; and by Local 17 on December 15, 2011.*

**Answer:**   Defendant admits only that in December 2011, Defendant, IBEW Local Union No. 876, and IBEW Local Union No. 17 signed a Memorandum of Understanding which is attached to the Amended Complaint as Exhibit C and referred to in the Amended Complaint as "2011 MOU I." Defendant denies that Plaintiff has fully and accurately characterized the terms of the Memorandum of Understanding, which speaks for itself.   Defendant denies any remaining allegations in this paragraph.

> 8. *Through this extension of the 2010 - 2011 Appendix, the parties agreed that defendant would continue to be obligated to contribute to NEAP at a rate of 16.5% of its gross monthly labor payroll, with one exception. On the same dates on which the parties signed 2011 MOU I, the parties entered into a separate Memorandum of Understanding ("2011 MOU II") (Exhibit D) which provided that defendant would not have to contribute to the NEAP on "all outside telephone work" performed by the Employer.*

**Answer:** Defendant admits only that in December 2011, Defendant, IBEW Local Union No. 876, and IBEW Local Union No. 17 signed a Memorandum of Understanding which is attached to the Amended Complaint as Exhibit D and referred to in the Amended Complaint as "2011 MOU II." The 2011 MOU II provides that Defendant is not required to make contributions to Plaintiff for the work at issue in this lawsuit. Defendant denies that Plaintiff has fully and accurately characterized the terms of the Memorandum of Understanding, which speaks for itself. Defendant denies any remaining allegations in this paragraph.

> 9. *In late 2014 and early 2015 through a Memorandum of Understanding ("2014 - 2015 MOU") (Exhibit E) the Local Unions and defendant agreed to extend the 2011-2014 Appendix for two years to November 20, 2016. 2014-2015 MOU was signed by Henkels & McCoy on January 9, 2015, by Local 876 on December 16, 2014; and by Local 17 on December 22, 2014.*

**Answer:** Defendant admits only that in late 2014 and early 2015, Defendant, IBEW Local Union No. 876, and IBEW Local Union No. 17 signed a Memorandum of Understanding which is attached to the Amended Complaint as Exhibit E. Defendant denies that Plaintiff has fully and accurately characterized

the terms of the Memorandum of Understanding, which speaks for itself. Defendant denies any remaining allegations in this paragraph.

*10.   Most recently, in 2017, the Local Unions and defendant signed an Appendix to the Teledata Agreement, which is effective November 21, 2016 through November 25, 2018 (Exhibit F). In Section 5.07 of this Appendix, the parties agreed to contribute to NEAP an amount equal to 17% of payroll the first year of the agreement and to 18% effective November 24, 2017.*

**Answer:**   Defendant admits only that in 2017, Defendant, IBEW Local Union No. 876, and IBEW Local Union No. 17 signed an Appendix which is attached to the Amended Complaint as Exhibit F.  Defendant denies that Plaintiff has fully and accurately characterized the terms of the Memorandum of Understanding, which speaks for itself.  Defendant denies any remaining allegations in this paragraph.

*11.   Beginning in June, 2012, defendant performed work under the Teledata Agreement (Exhibit A) within the geographic jurisdiction of Local 17. Local 17 referred the following individuals to work for defendant: Ronald Bates, Bryan Frye, Lawrence Stephens Jr., Dwaine Craig, Joseph Schindler, William Banks, William Coffman, Cory Bates, Kevin Smith, Larry Sloniker. Defendant contributed to plaintiff NEAP based upon the work performed by these individuals.*

**Answer:**   Defendant admits only that to the extent it was required to make contributions to Plaintiff pursuant to the terms of the applicable collective bargaining agreements, it made those contributions.  Because Plaintiff does not provide detail regarding the work performed, Defendant neither admits nor denies the remaining allegations in paragraph 13 because it lacks knowledge or

information sufficient to form a belief as to the truth of the allegations and therefore leave Plaintiff to its proofs.

*12.    To plaintiff's knowledge, defendant did not again work within the State of Michigan under the Teledata Agreement (Exhibit A) until 2018, when beginning in June, 2018, and continuing through the present, it began the installation of a 5G network for Verizon in various locations within the geographic jurisdiction of Local 17, which includes the installation of MCI small cell equipment and overhead and underground fiber.*

**Answer:**   Defendant admits only that it has performed outside telephone work for which it is not required to make contributions to Plaintiff and that work involves the installation of an outside telephone network. Defendant denies any remaining allegations in this paragraph.

*13.    Local 17 has referred individuals from its hall to work for defendant on the project described in Paragraph 12, specifically, Larry Hall, Clifford Benton, Jason Geiger, Rudi Dawidowicz, Travis Kern, Andrew Merrick, Logan Rothley, Joshua Brown, Lavonne Wilson, Thomas J. Cagle, Aaron B. Smith, Owen J. Peer, Daniel E. Shuler, Joseph D. Roland, Dakota J. Kaufman, Gary R. Hunter, Timothy T. Sosebee, Vincent B. Hunter, Kaleb C. Tabor, and Darrell J. Garrett.*

**Answer:**   Defendant neither admits nor denies the allegation in paragraph 13 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leave Plaintiff to its proofs.

*14.    Despite demand, defendant has refused to contribute to NEAP on behalf of its employees performing the work for Verizon described in Paragraph*

7

*12, above, contending that it is not required to do so based upon 2011 MOU II, which it argues is still in effect.*

**Answer:** Defendant admits only that it is not required to contribute to Plaintiff for the work performed and that the 2011 MOU II remains in effect. Defendant denies any remaining allegations in this paragraph.

*15. Defendant's position is incorrect. First, 2011 MOU II only applied to "outside telephone work" and the work Henkels & McCoy currently is performing for Verizon is not "outside telephone work", as that term would have been used by the parties in 2011. Instead, it involves the installation of advanced technology not being used in this area in 2011 for the providing of internet, telephone, television, and other services.*

**Answer:** Defendant denies as untrue the allegations in paragraph 15.

*16. Second, 2011 MOU II has not been in effect since, at the latest, November 21, 2016 when the parties signed the current Appendix which increased the NEAP contribution to 17% and ultimately to 18%, while making no exception for "outside telephone work" or any other type of work.*

**Answer:** Defendant denies as untrue the allegations in paragraph 16.

*17. The total amount of defendant's indebtedness for delinquent contributions to NEAP, accrued liquidated damages, and interest to date cannot be determined until defendant submits its complete books and records for inspection and audit.*

**Answer:** Defendant denies as untrue the allegations in paragraph 17. There is no indebtedness for delinquent contributions.

*WHEREFORE, plaintiffs pray that judgment be entered in their favor containing the following provisions:*

*A. Adjudicating that the defendant entered into (or adopted) collective bargaining agreements with the Local Unions and that, pursuant to such agreements and applicable law, the defendant was obligated to make fringe benefit contributions to NEAP for, or with respect to work performed by, those of its employees who were represented by the Union;*

*B. Ordering defendant to submit to the plaintiffs any and all books and records needed by them to determine the amount of its indebtedness through present, and;*

*C. Upon submission of a motion to amend, awarding the plaintiffs the amount of defendant's indebtedness, as ascertained by the above audit, plus interest, costs, attorneys' fees and other amounts to which plaintiffs are entitled pursuant to 29 USC §1132(g)(2).*

*D. Awarding plaintiffs any and all other equitable and injunctive relief to which they may be entitled.*

**Answer:** Defendant denies as untrue the allegations in the "Wherefore" paragraph of the Amended Complaint. In further answer, Defendant states as a matter of fact and law, that Plaintiff is not entitled to any of the relief sought in this lawsuit, including but not limited to, the relief listed in the "Wherefore" paragraph.

WHEREFORE, Defendant denies that it is liable to Plaintiff in any sum whatsoever and respectfully request the Court dismiss Plaintiff's Amended Complaint in its entirety, with prejudice, and award Defendant its costs and attorneys' fees incurred in the defense of this matter.

9

**Affirmative, Special and Other Defenses**

Defendant will rely upon the following affirmative and/or special defenses, if determined to be applicable and if supported by facts to be determined through appropriate discovery:

    A.    Plaintiff's claims, in whole or part, fail to state a claim upon which relief may be granted as a matter of fact and/or law, and they should be summarily dismissed prior to trial.

    B.    Plaintiff's claims are barred by the applicable statute of limitations, contractual limitations period and/or jurisdictional prerequisites.

    C.    Plaintiff's claims, in whole or in part, are barred by the doctrines of estoppel, laches, unclean hands, and/or fraud.

    D.    Plaintiff's claims, in whole or in part, are bared by the doctrines of waiver, release, and/or accord and satisfaction.

    E.    Plaintiff's claims are barred by the statute of frauds.

    F.    Some or all of Plaintiff's claims are barred by the doctrines of collateral estoppel and/or res judicata.

    G.    To the extent that any of Plaintiff's causes of action assert state or federal claims that are not based on ERISA, they are preempted by ERISA.

    H.    Injunctive relief is not appropriate under these circumstances.

    I.    Plaintiff has failed to mitigate damages.

J.    Any and all damages suffered by Plaintiff were because of Plaintiff's own actions or failure to act.

K.    Some or all of the damages sought by Plaintiff's are not recoverable under applicable law.

L.    Plaintiff is improperly seeking contributions for persons who are not covered and/or for work not covered by the applicable collective bargaining agreement.

M.    Plaintiff has failed to join all necessary parties.

Defendant reserves the right to amend its answer to add additional affirmative and/or special defenses or to delete or withdraw affirmative defenses after reasonable opportunity for appropriate discovery.

    Respectfully submitted,

/s/Brian M. Schwartz (P69018)
Miller, Canfield, Paddock and Stone, P.L.C.
*Attorneys for Defendant*
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

/s/Brian M. Schwartz (P69018)
Miller, Canfield, Paddock and Stone, P.L.C.
*Attorneys for Defendant*
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com
P69018

33435397.2\154842-00002