UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL ELECTRICAL
ANNUITY PLAN,

     Plaintiff,                      Case No. 18-13701

v.

                                 Hon. Robert H. Cleland

HENKELS AND MCCOY, INC.,     Mag. Stephanie Dawkins Davis

     Defendant.
_____

**PROPOSED RULE 26(f) PLAN AND STATUS REPORT**

1)     On May 9, 2019, we met and discussed the issues identified under Fed.R.Civ. P. 26(f).

2)     The basis for the court's jurisdiction is Section 301 of LMRA, 29 U.S.C. §185, and Sections 502(a)(2) and 515 of ERISA, 29 USC §1132(a)(2) and §1145. Jurisdiction is conceded.

3)     This case is to be tried by the court.

4)     We have discussed requesting "consent jurisdiction" (28 U.S.C. §636(c)), to the assigned Magistrate Judge. *If the parties consent, please include assigned form (available from the Clerk) with this plan.*

5)     Following is a summary of the nature of the plaintiff's claims: The Plaintiff trust fund claims that defendant owes it contributions based upon work

performed by its employees within the State of Michigan.

6)     The plaintiff consents to withdraw no claims.

7)     There are no supplemental (or "pendant") state law claims involved in this case.

8)     Following is a summary of the nature of the defendant's defenses (please do not simply reprint pleadings):  Defendant asserts that it does not owe any additional contributions.  The applicable collectively bargaining documents state that Defendant is not required to make fringe benefit contributions for work that Plaintiff alleges was performed.

9)     The defendant hereby withdraws no defenses.

10)   The Answer was filed on or about April 18, 2019.

11)   We have not begun discovery by agreement.

12)   We have read the court's guidelines on discovery, developed the following discovery plan, and recommend that the court enter an Order to this effect:

a)     There should be no changes in the timing or substance of any mandatory disclosures.  The parties agree to exchange Rule 26(a)(1) initial disclosures by June 7, 2019.

b)     Plaintiff states that discovery may be needed on the following subjects:

2

     i.     The identification of the projects on which defendant worked within the State of Michigan under its National Teledata Agreement with the IBEW from December 1, 2011 through present.

     ii.     A record of the hours worked by, and wages paid to, each employee of defendant on these projects.

     iii.     The agreements between defendant and its customers for the projects above, which include the identification of the customer and a description of the work to be performed under the agreement.

Defendant states that discovery may be needed on the following subjects:

     i.     The collective bargaining history regarding the negotiation of the 2011 MOU II

     ii.     The allegations set forth in Plaintiff's complaint and the affirmative defenses set forth in Defendant's answer.

     c)     The case is standard.  Discovery should continue through August 30, 2019.

     d)     Discovery need not be phased or limited.

     e)     No changes should be made in limitations on discovery imposed under the rules.

     f)     No additional limitations on discovery should be imposed.

     g)     The following orders should be entered at this time relating to privileges, or under Rule 16(b) [time limits, dates and other matters] or under Rule 16(c) [action by the court which may facilitate the just, speedy and inexpensive

disposition of the case].

The parties will submit a stipulated protective order to be entered by the Court that will address any privacy and confidentiality issues.  The proposed protective order will comply with Local Rule 5.3.

The parties do not anticipate any issues at this time, but agree to return any inadvertently produced documents protected by the attorney-client privilege or attorney work product doctrine within seven (7) days after discovering that the opposing party produced protected material or within seven (7) days after receiving a written request for the return of protected material.

Both counsel and parties (especially private individuals and business entities) should develop a pretrial discovery budget. Accordingly, the following information must be included in the discovery plan:

h)      Discovery costs for plaintiff, including attorney fees, may reach about $2,000.

"My client, National Electrical Annuity Plan, has been specifically advised of the estimated discovery costs above, and has approved."

i)      Henkels and McCoy, Inc., has been specifically advised of a pretrial discovery budget and has approved that budget.

13)     We have discussed the possibility of prompt resolution, (including the

4

advisability of alternative dispute resolution, arbitration, early facilitative mediation, and early settlement conference with the court, etc.) and report as follows:

      a)   Our joint view is that prompt resolution is not possible due to the need for the Court to make the determination as to whether defendant is bound to a collective bargaining agreement which requires contributions to plaintiff or whether the applicable collectively bargaining documents exclude contributions for the type of work performed.

14)   Based on what is known at this time, we estimate that at trial we may require approximately

      a)   Six in-court hours for the presentation of plaintiff's case, and

      b)   Six in-court hours for the presentation of defendant's case.

/s/George H. Kruszewski
Watkins, Pawlick, Calati & Prifti, PC
*Attorneys for Plaintiff*
1423 East Twelve Mile Road
Madison Heights, MI 48071
(248) 658-0800
gkruszewski@sachswaldman.com
Dated:  May 9, 2019

/s/Brian M. Schwartz w/consent
Miller, Canfield, Paddock
 And Stone, PLC
*Attorney for Defendant*
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
schwartzb@millercanfield.com
Dated:  May 9, 2019