UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL ELECTRICAL ANNUITY PLAN

        Plaintiff(s),                      Case No. 18-13701

v.

HENKELS AND MCCOY, INC
        Defendant(s).
_____/

| **DEADLINE SUMMARY** | |
|---|---:|
| Joint Proposed Findings of Fact | **11/16/21** |
| Joint Final Pretrial Order | **11/16/21** |
| Trial Briefs | **11/16/21** |
| Final Pretrial Conference | **11/23/21** |
| Non-Jury Trial | **11/30/21** |
| Detailed information contained in body of order. Read Carefully: **SOME DEADLINES MAY BE SHORTER** than Local Rules would allow. | |
| | |
| | |

## SUCCEEDING NON JURY SCHEDULING ORDER

IT IS HEREBY ORDERED:

**1.**      **JOINT FINAL PRETRIAL STATEMENT:**

Plaintiff's counsel must submit a proposed joint final pretrial order (JFPTO) pursuant to Local Rule 16.2 to chambers on or before **11/16/2021.**

2. **FINAL PRETRIAL CONFERENCE:**

The court will conduct a Final Pretrial conference with counsel on **11/23/2021 AT 2:00 p.m.** to discuss preparation for trial. The conference may be by telephone.

3. **MOTIONS IN LIMINE:**

Any Motions in Limine must filed be on or before **11/16/2021.**  The court does not intend to hear any Motions in Limine filed on the day of trial without good cause shown for the delay.  "Motions in Limine" as used here indicates the relatively uncomplicated cautionary motions often seen at the commencement of a case.

4. **EXHIBITS; EXAMINING, PRE-MARKING AND LISTING:**

Plaintiff's counsel is hereby ORDERED to convene a meeting of the attorneys at which all counsel are ORDERED to meet and:

a) identify any objections as to authenticity, foundation, relevance, etc., of each proposed exhibit and deposition.

Each party's exhibits and deposition must then be listed separately, first those as to which there are *no* objections, and second those as to which there *are* objections.

"Exhibits" includes both those items which the parties fully intend to introduce at trial, and those which the parties simply <u>might</u> introduce. "Depositions" includes redacted portions thereof intended for trial use, agreed-upon exhibits and depositions, identified on a separate listing and prepared for

submission to the court as explained more fully below, will be considered admitted at the outset of trial and may be used by either party at any time.

b) supply to opposing counsel in writing the reason(s) for the withholding of such stipulation or assertion of such objection as to each exhibit proposed by the opposing party as to which counsel has objected or withheld stipulation.

c) arrange to pre-number all exhibits (both those agreed to and those objected to). EXHIBITS MUST BE MARKED BY COUNSEL IN ADVANCE OF TRIAL. Plaintiff should use exhibit numbers beginning with 101, and Defendant will use numbers beginning with 501 (in the event of an extraordinary number of exhibits or if this case does not fit the standard one-plaintiff/one-defendant pattern, counsel may agree upon a reasonable alteration to the 101/501 numbering system).

5. **FILING PROPOSED FINDINGS AND CONCLUSIONS OF LAW, AND OTHER MATTERS:**

The parties are directed to submit a joint document containing proposed findings of fact and conclusions of law to court chambers by **11/16/2021.**

Plaintiff's counsel is directed to draft an initial version of the proposal with numbered paragraphs. Plaintiff's draft is then to be circulated to counsel for other parties, who are directed to indicate those findings of fact with which they agree and those with which they disagree. Where there is disagreement, objecting counsel is directed to draft alternative or additional proposals reflecting the client's position. It is then the responsibility of Plaintiff's counsel to incorporate the suggested modifications

into a single document to be submitted electronically to the court in chambers. The exact format of this submission is left to the discretion of counsel, with the observation that ultimately it will be used by the court as a template for the consideration of evidence at trial and the construction of its own findings.

The court observes that parties commonly agree on a great majority of facts constituting the background of the case. The substantial differences ordinarily emerge in the partier' proposed application of law to the facts.

Plaintiff's counsel and counsel for the Defendant each are ORDERED to file with the court by: **11/16/2021**

    a)    A list of the party's own exhibits that have been objected to by opposing counsel and the reason (supplied by opposing counsel) for the objection, and

    b)    Optionally, a trial brief.[1]

6. **LISTING AND SUBMISSION OF STIPULATED EXHIBITS AND DEPOSITIONS:**

Counsel for the Plaintiff is ORDERED by **11/16/2021.**

    a)    To submit to chambers a list of exhibits the admissibility of which is stipulated to by both parties, and a list of the depositions similarly stipulated to, and by the same date

    b)    To submit to chambers copies of the exhibits themselves, unless bulk or other considerations make such submission impractical.

---

[1] A good trial brief will do more than merely restate the case summary contained in the JFPTO, and assist the court by, for example, outlining counsel's intended position on anticipated evidence or witness problems.

7.  **TRIAL SCHEDULE:**

This case is on the court's docket for non-jury trial on **November 30, 2021 at 9:30 am.**

IT IS SO ORDERED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  October 19, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 19, 2021, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\Cleland\JUDGE'S DESK\C1 ORDERS\non jury succeeding scheduling order.docx